PER CURIAM:
Claimant brought this action for damage to his 1992 Chevrolet Geo Tracker which occurred when his vehicle struck a tree in the road while traveling east on Route 9/5, also known locally as Mission Road, approximately seven miles east of Charles *43 Town, Jefferson County. The Court is of the opinion to make an award in this claim for the reasons stated more folly below.
The incident giving rise to this claim occurred on November 1, 2002, at approximately 7:30 a.m. The weather was clear and the road surface was dry. Claimant Vernon Grant was traveling from his home at Harpers Ferry to Cumberland, Maryland. As he was traveling on Route 9/5 at approximately thirty-five to forty miles per hour, he approached a rise in the road and saw a tree suddenly fall onto the roadway in front of his vehicle. He stated that he immediately applied the brakes to avoid a serious collision with the tree. He also was concerned that his vehicle might knock the free into oncoming vehicles. Claimant’s vehicle struck the free with enough force to knock the base of the tree off the highway leaving bark and debris all over the road. Fortunately, claimant was not injured, but his vehicle could not be driven from the scene and it had to be towed. Claimant estimates that there were seven or eight vehicles behind him at the time of this incident. Fortunately, none was involved in the collision. Claimant estimates that he was approximately fifteen to eighteen yards from the tree when he first saw it falling and that the root system of the tree was initially located approximately seven feet from the edge of the road. He estimated the tree was thirty-seven feet long and approximately twenty-two inches at the base. Claimant travels this portion of Route 9/5 at least five days a week and he had not noticed this tree in particular as presenting a potential hazard to the traveling public. However, after the incident he noted that the free was dead. He also stated that the top portion of the tree had been cut by someone prior to the incident but he is not sure when. Further, claimant testified that there was a “gutter cut” into the bank where this free fell from. He testified that this “gutter cut” was made by respondent to help the water drain away from the highway. He also testified that while the cut was not made into the deep root system, it was approximately two feet from the base of the tree. He testified that when this tree fell, it did not take the root system with it. According to claimant, the free broke off from its root system. As a result of this incident, claimant incurred towing expenses in the amount of $95.00 and collision repairs in the amount of $944.35. Claimant did not have insurance coverage to cover any of this loss and seeks an award of $1,039.35.
Claimant contends that respondent knew or should have known that this tree was dead and taken the proper action to remedy this hazard to the traveling public.
Respondent’s position is that it did not have notice that this tree was dead or that it presented a hazardous risk to the traveling public. Respondent also states that the tree was not on its right of way, and thus, it is not responsible for claimant’s accident.
Craig R. Thompson, assistant supervisor for respondent in Jefferson County, testifiedthat he is responsible for the day-to-day operations androutine maintenance. Mr. Thompson is responsible for maintaining Route 9/5 and is familiar with the location where this incident occurred. He described the portion of Route 9/5 as a winding, two-lane road approximately twenty-two to twenty- four feet wide. He testified that the respondent’s right of way at this location is fifteen feet from the center line in each direction for a total of thirty feet. Mr. Thompson stated that he believes he observed the tree which claimant’s vehicle struck laying in the ditch at the side of the road. He cannot be certain the tree he saw was the same tree; however, the location of the tree coincides with claimant’s description of the accident scene. He stated that the tree was forty feet long and obviously dead. He also stated that the whole tree had fallen including the roots. According to Mr. Thompson’s measurements, the distance between the center line of the *44 highway and the line of trees on the side of the road where this tree supposedly fell from is eighteen feet. However, he admits that he has no way of establishing exactly where the tree fell from nor can he testify that this was the actual tree at issue.
It is a well established principle of law that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adlans v. Sims, 46 S.E.2d 811 (W.Va. 1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that the respondent had actual or constructive notice of the defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. ofHighways 16 Ct. Cl. 103 (1986); Prittv. Dept. ofHighways, 16 Ct. Cl. 8 (1985). With regard to tree fall claims, the general rule this Court has adopted is that if a tree is dead and poses an apparent risk, then the respondent may be held liable. However, when a healthy tree falls and causes property damage as a result of a storm, the Court has held that there is insufficient evidence of negligence upon which to justify an award. Wiles v. Div. of Highways, 22 Ct. Cl. 170 (1999); Gerritsen v. Dept. of Highways, 16 Ct. Cl. 85 (1986). The Court has also held that respondent may have a duty to remove dangerous trees and tree limbs that are not on the respondent’s right of way especially where the tree or tree limb is dead. Newkirk v. Div. of Highways 20 Ct. Cl. 18 (1993).
In the present claim, the evidence is not clear as to whether the tree was on respondent’s right of way before it fell. However, both parties agree that the free claimant’s vehicle struck was dead. The evidence also established that this was a very large tree and regardless of whether or not it was on respondent’s right of way, it was very close to it, and clearly presented a risk to the traveling public given that it fell on the highway. The fact that tins was a large tree, that it was close enough to the highway to present a risk to the traveling public, that it was dead, and that respondent’s employees had performed a ditching operation in the vicinity of the tree, leads the Court to conclude that respondent had at least constructive notice of the tree and its potential to be a hazard to the traveling public. Respondent could have remedied this situation by cutting down the dead tree prior to this incident, but it failed to do so in a timely mamier. While the Court is not saying that respondent is responsible for eveiy tree that falls near a highway, the unique set of circumstances in this particular claim requires the Court to conclude that respondent is liable for the damages to claimant’s vehicle.
Accordingly, the Court makes an award to claimant in the amount of $ 1,039.35.
Award of $1,039.35.